# IN THE COURT OF APPEALS OF IOWA

No. 14-0126
Filed March 11, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**THAD DUANE ANDERSON,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Marion County, Steven W. Guiter, District Associate Judge.


    Thad Anderson appeals from judgment and sentence entered upon his conviction of operating while intoxicated, second offense.  **AFFIRMED.**


    Mark C. Smith, State Appellate Defender, and Martha J. Lucey, Assistant Appellate Defender, for appellant.

    Thomas J. Miller, Attorney General, Alexandra Link, Assistant Attorney General, Ed Bull, County Attorney, and Benjamin Hayek, Assistant County Attorney, for appellee.


    Considered by Potterfield, P.J., Bower, J., and Miller, S.J.*

    *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**POTTERFIELD, P.J.**

Thad Anderson appeals from judgment and sentence entered upon the jury verdict of guilty of operating while intoxicated, second offense, in violation of Iowa Code section 321J.2(2)(b) and .2(4) (2013). At trial, Anderson did not contest that he was intoxicated when he was arrested—his blood alcohol content was more than twice the legal limit. But he testified he became intoxicated only after he had parked his car in a driveway and argued he thus was not "operating" a vehicle while intoxicated. Evidence presented at trial contradicted Anderson's testimony. Following the jury's finding of guilt, the court did not order a presentence investigation report. The State did not provide Anderson with notice of its intent to present evidence at sentencing, and defense counsel did not object when the State called an employee of the department of correctional services to present evidence why probation was inappropriate.

On appeal, Anderson contends trial counsel was ineffective in a number of respects. The State counters that even if counsel's performance was deficient in some respect, Anderson cannot prove prejudice resulted. *See State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012) (stating that to prevail on a claim of ineffective assistance of counsel a defendant must prove (1) counsel failed to perform an essential duty, and (2) prejudice resulted, and that "[u]nless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable" (citations and internal quotation marks omitted)).

We review constitutional issues de novo. *See id.* at 495. Most of Anderson's claims could be rejected outright because the alleged errors do not

undermine our confidence in the verdict. *See State v. Graves*, 668 N.W.2d 860, 882 (Iowa 2003) (noting that prejudice is shown if "the probability of a different result is 'sufficient to undermine confidence in the outcome'" (citation omitted)). We nonetheless preserve the ineffectiveness claims for possible postconviction proceedings. *See Clay*, 824 N.W.2d at 502 ("[Defendant] will have to bring all his ineffective-assistance-of-counsel claims in a postconviction relief action, because he raises multiple claims, some of which require further development of the record."). We affirm the conviction.

**AFFIRMED.**